32955. ELLISON *v.* THE STATE.

GARDNER, J. The defendant was convicted of manufacturing whisky. The enforcement officers located a one-thousand-gallon capacity still known as a "ground hog." The still premises were raided about noontime on December 21, 1949. Prior to that time the officers had located the still and had kept a watch on it to see when the beer would be ready to distill. They checked the still several times before the raid. The day of the raid, the officers, five in number, placed themselves around the still premises. It was being operated by an oil burner. The officers could hear the burner operating. The still was located about one-half mile from where the defendant lived with his mother. The officers flushed the still attendants, three of them in number, all of whom began to run. The officers caught a Negro boy by the name of Parks, who had a gun, when they caught him. He stated that he was hired by the defendant to keep a look-out. The officers caught another

white man, who was an attendant, by the name of Starr. The defendant ran within about twenty steps of one of the officers who recognized him, and called to him to stop, and stated that there was no need for the defendant to run because the officer knew him and recognized him. The officer called him by his name, Otis. Some of the other officers heard the defendant being called. The defendant escaped, however, and was afterwards arrested. There was introduced in the trial of the case evidence to the effect that on December 1 of the same year the defendant was caught in the act of operating a still not far from his mother's home, and that the still was operated by an oil burner. At that time the defendant stated that the oil burner had gone bad or he would have been away. There was also introduced, without objections, evidence to the effect that in December of 1948, a year previous to the occasion for which the defendant was being tried, that the defendant was involved in the operation of a still for manufacturing whisky not far distant from where he lived. The evidence reveals that the officers had discovered at one of the still sites a piece of metal with peculiar markings. This same piece of metal was found at the still for which the defendant was being tried for operating in the instant case. The officers stated that they had endeavored to destroy the piece of metal, but it was so welded and fitted that they could not do it, hence they recognized it.

It would seem, therefore, that the evidence abundantly sustains the verdict. We see no necessity of giving the evidence in further detail.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

Decided May 3, 1950.

*Lester Dickson*, for plaintiff in error.

*Roy Leathers, Solicitor-General*, contra.